# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ERIN JOYNT,**

                **Plaintiff,**

**-vs-**                                                             **Case No. 6:14-cv-1524-Orl-40DAB**

**VOLUSIA COUNTY and STAR**
**INSURANCE COMPANY,**

                **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on Defendant Star Insurance Company's ("Star") Response (19) to this Court's Order to Show Cause (Doc. 9) and on the following motion filed herein:

> **MOTION:**    **MOTION TO REMAND TO STATE COURT AND MOTION FOR ATTORNEY'S FEES AND COSTS (Doc. No. 20)**
>
> **FILED:**      **October 15, 2014**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED to the extent it seeks remand** and **DENIED to the extent it seeks an award of attorney's fees.**

At issue in both the show cause Order and the motion to remand is whether this matter has been improvidently removed. Upon review of the record evidence, the arguments of the parties, and the applicable law, the Court finds that it is without jurisdiction in this matter, and **respectfully recommends** that the matter be **remanded** to state court, without an award of attorney's fees for the improvident removal.

**Background**

The pertinent history is contained in the Notice of Removal (Doc. 1 and Exhibits), a state court hearing transcript filed by Star (Doc. 18), Star's Response to the show cause Order (Doc. 19), the motion to remand and attached exhibits (Doc. 20), and Star's opposition to the remand motion (Doc. 21). By way of summary, the following matters are not disputed and are relevant for present purposes.

On April 5, **2012**, Plaintiff Erin Joynt filed a complaint in state court against sole defendant Volusia County, Florida, alleging injuries arising from automobile negligence. *See* Doc. 1-2, state court docket in *Erin Joynt v. Volusia County*, Case No. 2012-11144-CIDL. The state law claim was litigated to a jury verdict in Plaintiff's favor, rendered on June 27, **2014** (state court doc. 280).

On August 1, 2014, Plaintiff moved in state court to amend her complaint to add Star Insurance Company, the county's excess insurer (state court doc. 302). Star appeared in the state court proceeding (state court doc. 308) and opposed the motion in a memorandum (state court doc. 315) and at hearing held on August 18, 2014 (transcript at Doc. 18 in the instant case). That same day, August 18, 2014, a Final Judgment was entered by the state court against Volusia County in the amount of $2,600,000.00 (Doc. 1-6). On August 19, 2014, the state court issued an Amended Final Judgment for Plaintiff (Doc. 1-7). The Amended Judgment provided that: "Jurisdiction is retained to determine and award taxable costs, and to determine entitlement, and, if necessary, the amount of attorney's fees." *Id.*

On August 22, 2014, *after* the entry of Judgment, Plaintiff filed a Third Amended Complaint in the state court case, in which she added Star as a defendant (Doc. 1-8).[1] The pleading purports to allege an action for declaratory relief pursuant to Chapter 86, Florida Statutes, asserting that there is

---

[1] It does not appear that a written Order was ever issued with respect to Plaintiff's motion to amend. A review of the August 18, 2014 hearing transcript, however, indicates that the state court orally granted leave to file the declaratory judgment complaint (Doc. 18, pp.112-113).

"a bona fide actual, present and practical need for the interpretation of the Policy language and a declaration as to STAR INSURANCE COMPANY's obligations and VOLUSIA COUNTY's rights, as well as ERIN JOYNT's third party beneficiary rights." (Doc. 1-8, Allegation 27).

Star filed a Motion to Dismiss the Third Amended Complaint in state court on September 11, 2014 (state court doc. 325). On September 16, 2014, Volusia County answered the Third Amended Complaint (state court doc. 327) and, on September 17, 2014, the County filed a Notice of Appeal of the Amended Final Judgment (state court doc. 327.75[2]).

On September 19, 2014, *after* all of the foregoing, Star filed a Notice of Removal, citing the Court's diversity jurisdiction under 28 U.S.C. §1332(a) (Doc. 1). Upon review of the Notice of Removal, this Court was in doubt as to exactly what Defendant was purporting to remove and suspected that the case was not within the subject matter jurisdiction of federal court. As such, an Order to Show Cause was issued (Doc. 9). Star has since responded (Doc. 19).

On October 15, 2014, Plaintiff filed a motion to remand and for attorney's fees and costs (Doc. 20). Star has responded to that motion (Doc. 21), and the District Court referred the matter to the undersigned for consideration along with the show cause response. To date, no papers regarding the show cause or the motion for remand have been filed in this matter by Defendant Volusia County and the time for doing so has passed. The issue of jurisdiction is now ripe for review.

**Standards of Law**

Federal court removal is governed by 28 U.S.C. § 1441(a), which provides in pertinent part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." In addition to federal question jurisdiction, which

---

[2]Apparently, the state court uses fractional docket entry numbers on occasion.

is not implicated here, a district court has original jurisdiction over cases in which the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).  Federal jurisdiction pursuant to 28 U.S.C. § 1332 exists only when there is complete diversity between the plaintiffs and the defendants and the amount in controversy requirement is met. *See Owen Equip. and Recreation Co. v. Kroger,* 437 U.S. 365, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978).

Removal statutes are to be strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994) ("[R]emoval statutes are construed narrowly; when the parties dispute jurisdiction, uncertainties are resolved in favor of remand."). Any doubt as to proper subject matter jurisdiction should be resolved against removal.  The removing party has the burden of proving that federal jurisdiction exists by a preponderance of the evidence and the removing party must present facts establishing its right to remove. *Williams v. Best Buy Company, Inc*., 269 F.3d 1316, 1319 (11th Cir. 2001). When the defendant fails to do so, the case must be remanded. *Williams,* 269 F.3d at 1321.

With respect to removal procedure, 28 U.S.C. § 1446(b)(3) provides that in a case not originally removable, a defendant may only remove within 30 days of receiving "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which ... has become removable." However, no case may be removed more than one year after the commencement of the action unless the defendant can show the plaintiff acted in bad faith to prevent removal. *Id.* § 1446(c).  Further, Section 1441(b)(2) states that, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. §1441(b)(2).

**Issues and Analysis**

As is evident from the history of this dispute, Plaintiff Joynt sued Volusia County for negligence; obtained "final" judgment in her favor; amended her complaint to include Star only *after* final judgment was entered; and Star filed its Notice of Removal *after* that judgment was appealed to the state appellate court. The fact that the state court orally granted the motion to allow the complaint to be amended while entering "final" judgment on the same day raises a host of complicated and unusual jurisdictional questions. Nonetheless, because the Court finds that Star has not met its burden to establish that the Court has jurisdiction over any portion of the state court action, the Court concludes that removal was improvident, and remand is required.

*Overview*

Applying the general principles set forth above, the Court must first identify exactly what Star is attempting to remove and evaluate whether it is an action that is potentially removable. As the Court noted in the show cause Order:

> To the extent Star is attempting to remove "the above-captioned action" (Doc. 1), the action was brought well over a year ago against a Florida resident defendant. As such, removal of the "action" appears to run afoul of 28 U.S.C. §1441(b)(2) and § 1446(c). Moreover, the case proceeded to judgment and, according to Star, that judgment is currently under appeal. Star cites no authority which would allow the Court to remove the action from a state appellate court.
>
> To the extent Star is attempting to remove only the Third Amended Complaint, Star states that it filed the Notice of Removal in order to be timely under 28 U.S.C. §1446, but claims that it "has also filed a Motion to Dismiss Plaintiffs Third Amended Complaint in the State Court Action for lack of subject matter jurisdiction as the trial court lost its jurisdiction over the matter upon entry of the Amended Final Judgment, and also on the ground that the declaratory judgment action must be filed in a separate action. As such, Star contends that the Third Amended Complaint is a nullity." (Doc. 1, n. 2). There is no showing that a nullity is independently removable. Moreover, Star cannot proceed in both courts. *See Maseda v. Honda Motor Co., Ltd.*, 861 F.2d 1248, 1254–55 (11th Cir.1988) ("[A]fter removal, the jurisdiction of the state court absolutely ceases and the state court has a duty not to proceed any further in the case. Any subsequent proceedings in state court on the case are void *ab initio*." (citation omitted)).

(Doc. 9).

In addition to these matters, Plaintiff moves for remand asserting that there is no basis for diversity jurisdiction as "there is no amount in controversy" (Doc. 20, p. 1). Plaintiff further contends that Star waived its right to remove this action based on its motion to dismiss filed in state court, and that the presence of Volusia County, a Florida citizen for diversity purposes, implicates the forum defendant rule and precludes removal. *Id.,* p. 2.

*What was removed*

In its response to the Court's query as to exactly what Star was purporting to remove, Star contends that it "is only seeking to remove the declaratory judgment action asserted by Joynt against Star." (Doc. 19, p. 2).[3] The Court notes, however, that there is no declaratory judgment action asserted by Plaintiff solely against Star. To the extent Star is referring to the Third Amended Complaint filed in state court, that pleading, as summarized above, is a declaratory judgment claim under state law against Volusia County *and* Star, and seeks a declaration as to Star's obligations *and* Volusia County's rights and Plaintiff's rights as a third party beneficiary. The Court assumes this is the pleading Star sought to remove.

In its papers, Star contends that the hurdles outlined by the Court in the show cause Order with respect to removal of this pleading were created by Plaintiff "improperly joining" this coverage action "with a pending liability suit," arguing: "[Plaintiff's] coverage action should have been filed in a separate suit." (Doc. 19, pp. 2-3). Indeed, Star has referred to this pleading as a "nullity." (Doc. 1, n. 2). While the Court does not necessarily agree with Star's characterization of the liability suit as "pending,"[4] it need not wade into the murky waters of Florida procedure to determine whether or not

---

[3] This response does not really address the anomaly of splitting the state case into trial and appellate court components. 28 U.S.C. § 1441 speaks of removing "civil actions" not parts of civil actions. Because of the recommended disposition, this Court need not determine whether the procedure employed by Plaintiff and permitted by the state trial court created a new civil action under an old case number or, despite the apparent inconsistency with Florida procedures, the proceedings in the state courts are a single civil action.

[4] As noted in the chronology, the Third Amended Complaint was filed *after* final judgment had been entered."'The rule is firmly established in this State that the trial Court loses jurisdiction of a cause after a judgment or final decree has
(continued...)

the Third Amended Complaint is, in fact, a nullity.[5] The Court finds that this pleading is not removable, regardless of whether it was properly filed in the 2012 case or as a separate suit.

*Volusia County is a resident Defendant*

This matter is purportedly before the Court based on diversity jurisdiction, and the papers show that the parties are diverse, in that Plaintiff is a citizen of Kansas, Volusia County is a citizen of Florida, and Star is a citizen of Michigan. However, as noted in the Order to Show Cause and as raised by Plaintiff in the motion for remand (Doc. 20), 28 U.S.C. § 1441(b)(2) provides that even when complete diversity exists, an action may not be removed if any defendant is a citizen of Florida.[6] The presence of Volusia County as a Defendant in this pleading would seem to trigger this provision and prohibit removal. In order to avoid this result, Star contends that diversity of citizenship nonetheless exists based upon a realignment of Volusia County as a plaintiff "and/or" based upon the fraudulent joinder of the County in this pleading.

*Realignment*

---

[4](...continued) been entered and the time for filing petition for rehearing or motion for new trial has expired or same has been denied.'" *Liberty Ins. Corp. v. Milne*, 98 So.3d 613, 615 (Fla. 4th DCA 2012) (quoting *State ex rel. Am. Home Ins. Co. v. Seay*, 355 So.2d 822, 824 (Fla. 4th DCA 1978)); *see also Travelers Cas. and Sur. Co. of America v. Sidman,* 103 So.3d 900, 902 (Fla. 2d DCA 2012). Pursuant to Rule 1.530, Florida Rules of Civil Procedure, a motion for new trial or for rehearing "shall be served not later than 15 days after the return of *the verdict in a jury action* or the date of filing of the judgment in a non-jury action." Rule 1.530(b), Fla. R. Civ. P. (emphasis supplied). The Florida Supreme Court has noted that "[e]xcept as provided by Rules 1.530 and 1.540, Florida Rules of Civil Procedure, the trial court has no authority to alter, modify or vacate an order or judgment." *Shelby Mut. Ins. Co. of Shelby, Ohio v. Pearson,* 236 So.2d 1, 3 (Fla. 1970). The filing of the Third Amended Complaint came after entry of final judgment and well after the time for filing a motion for rehearing or a new trial. While the motion to amend was *pending* at the time final judgment was entered, the motion to amend was not filed within 15 days of the jury verdict, and, even if it were timely, in Florida, "[a] pending motion to amend does not extend the trial court's jurisdiction after entry of final judgment, and the court's reserving consideration of that issue until a later time does not change that fact." *DiPaolo v. Rollins Leasing Corp*., 700 So.2d 31, 32 (Fla. 5th DCA 1997). Too, Volusia County appealed the final judgment, and, by all accounts, that appeal is pending.

[5]While the matters have been addressed in the Motion to Dismiss filed by Star, the conclusions reached by the Court herein are in the context of review of the Court's jurisdiction over this action. Because the Court finds that it has no jurisdiction over the Third Amended Complaint, it has no jurisdiction to entertain or rule on a motion to dismiss it.

[6]"A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. §1441(b)(2).

In certain circumstances, a Court may realign the parties to reflect their interest in the litigation. As noted by the Eleventh Circuit:

> [] it is the "duty ... of the lower federal courts[ ] to look beyond the pleadings and arrange the parties according to their sides in the dispute," *Northbrook Nat'l Ins. Co. v. Brewer*, 493 U.S. 6, 16 n. 5, 110 S.Ct. 297, 302 n. 5, 107 L.Ed.2d 223 (1989) (citations and quotations omitted), as determined by "the principal purpose of the suit" and "the primary and controlling matter in dispute," *City of Indianapolis*, 314 U.S. at 69, 62 S.Ct. 15. Where the parties' interests are the same, we have held that those parties must be aligned together and have reversed a district court's failure to do so, even where the parties' interests were in opposition outside of the issues raised in the subject action. *Weller v. Navigator Marine, Inc.*, 737 F.2d 1547, 1548 (11th Cir.1984); *see also Dev. Fin. Corp. v. Alpha Hous. & Health Care, Inc.*, 54 F.3d 156 (3d Cir.1995) (" '[W]here party designations have jurisdictional consequences,' [the court] must align the parties before determining jurisdiction.")

*City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313-14 (11th Cir. 2012). According to Star, the principal purpose of this case is to determine the rights, duties and obligations (if any) Star owes to the injured tort claimant (Plaintiff) and the insured (Volusia County) with respect to the Amended Final Judgment. The Court finds this to be a gross oversimplification of the issues raised in the Third Amended Complaint.

In the Third Amended Complaint (Doc. 2) Plaintiff alleges, in pertinent part, that: prior to the underlying action, Volusia County made a settlement offer for more than the $100,000 sovereign limit (Allegation 7); the County's position since is that it is only legally obligated to pay Plaintiff the sovereign limits and the amount of the self-insured retention without regard to its earlier proposal of settlement in excess of the sovereign cap (Allegation 10); Plaintiff has made settlement demands on the County in excess of the self-insured retention and sovereign limits, but well within the limits of the Policy issued by Star (Allegation 11); and, while Volusia County has offered $34,000.00 more than the $100,000 sovereign limits, the County has otherwise stated that it has no more liability and that Plaintiff would need a claim bill from the Florida Legislature in order to receive more (Allegation 11). Plaintiff alleges the County's concern that it cannot settle the claim "for fear of voiding the Policy

and exposing itself to an excess judgment should [Plaintiff] succeed in obtaining a claim bill." (Allegation 22).

Plaintiff alleges that Star's interpretation of the Policy is that it has no obligation to resolve Plaintiff's claim for any amounts in excess of the sovereign immunity cap, unless a Judgment is rendered against the County in excess of its sovereign immunity limits and a claim bill is passed (Allegation 13).

Contrary to the positions taken by Volusia County and Star, Plaintiff avers her own position that Florida law "clearly permits Volusia County to settle a case within its limits of insurance" (Allegation 11) and Volusia County and Star "may settle this claim without a claim bill" (Allegation 26). Plaintiff seeks a declaration that a claim bill is not necessary, that the coverage provisions have been triggered and Volusia County has sole authority to settle the claim within the Policy limits (among other relief).

The Court finds that the interests of Plaintiff and Volusia County are not aligned. Plaintiff is interested in obtaining payment for its judgment without having to resort to a claim bill. By contrast, Volusia County has *appealed* the state court judgment and, as evident from the allegations, is *not* interested in settling the matter short of a claim bill. Plainly, the interests of Plaintiff and the County are not "the same." The Court sees no reason to realign the parties here.

*Volusia County was not fraudulently joined*

For similar reasons, the Court does not find that the County was fraudulently joined. To establish fraudulent joinder, "the removing party has the burden of proving [by clear and convincing evidence] that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Stillwell v. Allstate Ins. Co.,* 663 F.3d 1329, 1332 (11th Cir. 2011), *citing*

*Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir.1997). This burden is a "heavy one." *Id*. (internal quotation marks omitted). As the Eleventh Circuit has stated:

> "To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." *Crowe,* 113 F.3d at 1538. [FN omitted] In making this determination, "federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Id*. "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440–41 (11th Cir.1983), superceded by statute on other grounds as stated in *Georgetown Manor, Inc. v. Ethan Allen, Inc*., 991 F.2d 1533 (11th Cir.1993). In other words, "[t]he plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." *Triggs v. John Crump Toyota, Inc*., 154 F.3d 1284, 1287 (11th Cir.1998).

*Stillwell,* 663 F. 3d at 1333.

Star contends that there is no reason for the County's presence in this case, as "there is no possibility that Joynt can establish a cause of action against Volusia County with respect to this coverage declaratory judgment action" because "Joynt is seeking coverage solely against Star, the insurer, to enforce a final judgment entered in Joynt's favor" (Doc. 19, p. 6). As noted, however, that judgment is on appeal, so the litigation between Plaintiff and the County has not ended. Moreover, viewing the allegations in a light favorable to the Plaintiff, the County is not a nominal player here. While the pleading is not a model of clarity, Plaintiff seeks a declaration under the state's Declaratory Judgment Act "as to Star's obligations and Volusia County's rights" as well as her own, opposes the County's position with respect to its settlement authority and the requirement of a claims bill, and specifically asks for a declaration "that the statutory language in Fla. Stat. §768.28(5) grants sole authority to Volusia County to settle [Plaintiff's] claim within the limits of Star's Policy." Florida's Declaratory Judgment Act is "substantive and remedial" and "[i]ts purpose is to settle and to afford relief from insecurity and uncertainty with respect to rights, status, and other equitable or legal relations and is to be *liberally administered and construed*." Fla. Stat. §86.101 (emphasis added).

Under these circumstances, the Court does not find that Star has proven by clear and convincing evidence that there is no possibility Plaintiff can establish a cause of action against Volusia County here. As such, the forum defendant rule compels remand of this matter.[7]

*Attorney's Fees*

In addition to remand, Plaintiff requests an award of fees for the improvident removal. Title 28 U.S.C. § 1447(c) provides, in pertinent part, that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 711, 163 L.Ed 2d. 547 (2005); *see also Bauknight v. Monroe County, Fla.*, 446 F.3d 1327, 1329 (11th Cir. 2006).

Applied here, on these unusual circumstances (in part created by Plaintiff), there is no basis for the Court to conclude that Star acted unreasonably or in bad faith in seeking removal. As such, it is **respectfully recommended** that no award of attorney's fees be made in connection with the improvident removal. *See Tober v. Transamerica Life Ins. Co.*, No. 12-21613-CIV, 2012 WL 2413766, at *4 (S.D. Fla. June 26, 2012).

**Conclusion**

For the reasons set forth above, it is **respectfully recommended** that the motion to remand be **granted in part** and that the matter be **remanded** to the state circuit court.

---

[7]As this conclusion is dispositive, the Court does not reach and need not discuss the additional grounds set forth in the motion to remand and the Court's show cause Order.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 18, 2014.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy